*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

_____

**UNITED STATES**
Appellee
**v.**

**Zackery J. ASKINS, Staff Sergeant**
United States Army, Appellant

**No. 26-0002**

**UNITED STATES**
Appellant
**v.**

**Zackery J. ASKINS, Staff Sergeant**
United States Army, Appellee

**No. 26-0014**

Crim. App. No. 20230303

Argued May 19, 2026—Decided August 11, 2026

Military Judge: Tiffany D. Pond

For United States: *Major Vy T. Nguyen* (argued); *Colonel Richard E. Gorini,* and *Major Stephen L. Harmel* (on brief).

For Staff Sergeant Zackery J. Askins: *Captain Eli M. Creighton* (argued); *Colonel Frank E. Kostik Jr.,*

*Lieutenant Colonel Kyle C. Sprague, Major Andrew M. Hopkins, Major Kelsey Mowatt-Larssen*, and *Jonathan F. Potter*, Esq. (on brief).

Amicus Curiae for Staff Sergeant Zackery J. Askins: *Ann Ching*, Esq., and *James A. Young*, Esq. (on brief).

Amicus Curiae: *Rachel L. Baron*, Esq., *Philip D. Cave*, Esq., and *Brenner M. Fissell*, Esq. (on behalf of the Center for Ethics and the Rule of Law and the National Institute of Military Justice) (on brief).

Judge OHLSON delivered the opinion of the Court, in which Chief Judge MAGGS, Judge SPARKS, Judge HARDY, and Judge JOHNSON joined.

———————————

Judge OHLSON delivered the opinion of the Court.

Appellant/Cross-Appellee[1] was convicted of a number of offenses, to include one specification of larceny of C-4 explosives and the two specifications of domestic violence that are at issue in this appeal.[2]

With regard to the explosives specification, we granted the following issue:

> Whether the [United States Army Court of Criminal Appeals (CCA)] erred when it held that the United States was in a "time of war" from 2014-2017 and the statute of limitations was tolled.

*United States v. Askins*, __ M.J. __ (C.A.A.F. 2026) (order granting review). We also specified the following issue:

> Whether [SSG Askins] waived or forfeited application of the statute of limitations to his larceny conviction in Specification 1 of Charge I. If forfeited, does [SSG Askins] meet his burden of proof under plain error review?

*Id.*

For the reasons cited below, we answer the specified issue by holding that SSG Askins waived the statute of limitations issue in regard to his larceny conviction. We therefore decline to further address the underlying merits of his claim. Accordingly, we do not address the granted issue, and we affirm the judgment of the CCA regarding this larceny specification.

---

[1] For ease of reference, we hereafter refer to the Appellant/Cross-Appellee as "Staff Sergeant (SSG) Askins."

[2] As explained in footnote 3, SSG Askins was convicted of a total of three specifications of domestic violence. However, references in this opinion to the domestic violence specifications refer solely to Specification 1 of Charge V and Specification 2 of Charge V that are described in Part II.A. and that are at issue in this appeal. Similarly, SSG Askins was convicted of four specifications of larceny of military property. However, references in this opinion to a larceny specification refer solely to his theft of C-4 explosives under Specification 1 of Charge I.

With regard to the domestic violence specifications, the Judge Advocate General of the Army certified the following issue for our review:

> Whether the Army Court erred in finding [SSG Askins's] separate convictions under Articles 128b(1) and 128b(5), [Uniform Code of Military Justice (UCMJ),] [were] multiplicious.

*United States v. Askins*, 86 M.J. 368 (C.A.A.F. 2025) (docketing notice of certificate for review).

We then specified the following issue:

> Whether, in light of *United States v. Malone*, [86] M.J. [297] (C.A.A.F. 2026), [SSG Askins] affirmatively waived multiplicity with regard to his domestic violence convictions.

*United States v. Askins*, __ M.J. __ (C.A.A.F. 2026) (order specifying issue).

For the reasons cited below, we hold that even if SSG Askins did not waive—but instead forfeited—this multiplicity issue, he still cannot prevail here. Simply stated, SSG Askins has not met his burden of establishing that the military judge committed plain error when she failed to rule that the two domestic violence specifications were multiplicious. Accordingly, we answer the certified issue in the affirmative and we reverse that part of the CCA's decision holding that the two domestic violence specifications were multiplicious. Because of the approach we have adopted in the course of our analysis of this issue, we do not directly answer the specified issue regarding these domestic violence specifications.

## I. The Larceny of C-4 Explosives Offense

### A. Background

SSG Askins served as a senior explosive ordinance disposal (EOD) technician at Joint Base Elmendorf-Richardson, Alaska. In this capacity, he was responsible for leading teams on missions to safeguard, collect, and dispose of explosive materials. After an investigation, the Government charged SSG Askins with stealing multiple blocks of C-4

explosives "between on or about 25 August 2014, and on or about 14 August 2017" in violation of Article 121, UCMJ, 10 U.S.C. § 921 (2012). As will be seen, these charged dates are important for a number of interlocking reasons.

First, Article 43(b), UCMJ, 10 U.S.C. § 843(b) (2012), generally establishes a five-year statute of limitations period for prosecuting offenses under the UCMJ. Second, the summary court-martial convening authority did not receive the charges in this case until March 7, 2022. *See* Article 43(b)(1) (indicating that the statute of limitations is tolled upon the "receipt of sworn charges and specifications by an officer exercising summary court-martial jurisdiction over the command"). Thus, a substantial portion of the charged time frame for the larceny offense at issue was outside of the five-year statute of limitations period. Third, in relevant part, Rule for Courts-Martial (R.C.M.) 907(b)(2)(B) requires dismissal of an offense "upon motion made by the accused before the final adjournment of the court-martial in that case if . . . [t]he statute of limitations (Article 43) has run." Fourth, however, Article 43(f)(2) provides as follows:

> When the United States is at war, the running of any statute of limitations applicable to any offense under this chapter . . . committed in connection with the acquisition, care, handling, custody, control, or disposition of any real or personal property of the United States . . . is suspended until three years after the termination of hostilities as proclaimed by the President or by a joint resolution of Congress.

And fifth, R.C.M. 907(b)(2)(B) further provides that "if it appears that the accused is unaware of the right to assert the statute of limitations in bar of trial, the military judge shall inform the accused of this right."

During pretrial litigation, the defense filed a motion to dismiss the larceny specification for failure to state an offense. Defense counsel argued that the explosives specification was "legally defective because it fails to place SSG Askins on notice of the charge and to protect him against

double jeopardy." Defense counsel went on to explain their concern as follows:

> SSG Askins is at real risk of future prosecution for the same conduct because of the Government's inability to distinguish between blocks of C-4, [the] ongoing federal investigation [by the U.S. Department of Justice,] and the [ongoing] pursuit of [additional missing] explosives, and SSG Askins' continuing exposure for criminal liability for any future allegations of larceny *committed as early as 2011* . . . . (See, UCMJ, Art. 43) (*placing a toll on statutes of limitations during a time of war*); (*United States v. Rivaschivas*, 74 M.J. 758 (A.C.C.A. 2015)) (finding *the Iraq and Afghanistan conflicts constitute a "time of war"* under Article 43 of the UCMJ).

(Emphases added.)

After the military judge denied the defense motion, SSG Askins agreed to plead guilty to the larceny specification as part of a plea agreement. Among other things, the plea agreement contained a waive all waivable motions provision. During the providence inquiry, SSG Askins told the military judge that he could provide only "a very rough approximation" as to when he stole the blocks of C-4 and said, "it would have been between February of 2016 and December of 2016." Despite these dates acknowledged by SSG Askins—and despite the fact that the summary court-martial convening authority did not receive the charges until more than five years after this time frame—the military judge did not advise SSG Askins regarding the statute of limitations issue and did not obtain a waiver from him. The military judge accepted SSG Askins's guilty plea to the larceny offense at issue.[3]

---

[3] Altogether, the military judge, sitting as a general court-martial, convicted SSG Askins, pursuant to his pleas, of one specification of forgery, two specifications of false official statement, two specifications of sale of military property, four specifications of larceny of military property (one of which involved the explosives at issue), and one specification of an assimilated federal crime for the improper transportation of

On appeal to the CCA, SSG Askins for the first time challenged his conviction for larceny of the C-4 explosives on the basis that the prosecution of that offense was time-barred by the statute of limitations. After noting that the military judge "did not specifically discuss a statute of limitations defense" with SSG Askins, the CCA proceeded to perform what appears to be a de novo review of the issue. *United States v. Askins*, No. ARMY 20230303, 2025 CCA LEXIS 420, at *5-8, 2025 WL 2505763, at *3-4 (A. Ct. Crim. App. Aug. 28, 2025) (unpublished). Upon doing so, the lower court determined that "the United States was in a 'time of war' within the meaning of Article 43(f) during the period in question" and thus concluded "the prosecution of [SSG Askins's] misconduct occurring as early as August 2014 was not time-barred." *Id.* at *8, 2025 WL 2505763, at *3-4.

On appeal before this Court, SSG Askins once again raises the statute of limitations issue. We note that SSG Askins does not claim that his trial defense counsel provided ineffective assistance of counsel.

**B. Whether SSG Askins Waived the Statute of Limitations Regarding the Larceny of C-4 Explosives Offense**

**1. Standard of Review**

This Court conducts a de novo review to determine whether an appellant has waived an issue. *United States v.*

---

explosives, in violation of Articles 105, 107, 108, 121, and 134, UCMJ, 10 U.S.C. §§ 905, 907, 908, 921, 934 (2012 & 2018). For these offenses, SSG Askins was sentenced to ninety-six months of confinement and a fine of $35,000. Contrary to SSG Askins's pleas, the military judge also convicted him of three specifications of domestic violence in violation of Article 128b, UCMJ, 10 U.S.C. § 928b (2018). For these offenses, SSG Askins was sentenced to an additional six months of confinement. The military judge further sentenced SSG Askins to a dishonorable discharge, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority disapproved the adjudged forfeitures of all pay and allowances.

*Harborth*, 85 M.J. 469, 475 (C.A.A.F. 2025) (citing *United States v. Blackburn*, 80 M.J. 205, 209 (C.A.A.F. 2020)).

### 2. Applicable Law—Waiver and Forfeiture Generally

"When an appellant does not raise an objection . . . at trial, we first must determine whether the appellant waived or forfeited the objection." *United States v. Jones*, 78 M.J. 37, 44 (C.A.A.F. 2018). R.C.M. 905(e)(1)-(2) (2019 ed.) provides that a party's failure to raise defenses, motions, or objections before pleas or before adjournment forfeits these claims "absent an affirmative waiver."

"Waiver can occur either by a party's intentional relinquishment or abandonment of a known right or by operation of law." *United States v. Day*, 83 M.J. 53, 56 (C.A.A.F. 2022) (citing *Jones*, 78 M.J. at 44). When there is waiver, an issue is extinguished and generally cannot be reviewed on appeal. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009).

If an unpreserved issue is not waived, it is forfeited, i.e., the accused "fail[ed] to make the timely assertion of a right." *Id.*; *see also United State v. Davis*, 76 M.J. 224, 227 n.1 (C.A.A.F. 2017) ("the passive abandonment of a right by neglecting to preserve an objection" constitutes forfeiture). A forfeited issue is reviewed for plain error. *Gladue*, 67 M.J. at 313. "Plain error occurs where (1) there was error, (2) the error was [clear or] obvious, and (3) the error materially prejudiced a substantial right of the accused." *Jones*, 78 M.J. at 44 (citation omitted) (internal quotation marks omitted). For constitutional errors, the burden shifts to the government to establish a third prong—i.e., to prove that the error was harmless beyond a reasonable doubt. *United States v. Tovarchavez*, 78 M.J. 458, 462 (C.A.A.F. 2019).

When faced with resolving whether an issue was either waived or forfeited, we may assume that an appellant merely forfeited an issue as opposed to waiving it when the accused fails to carry his burden with respect to plain error. *United States v. Clifton*, 71 M.J. 489, 491 (C.A.A.F. 2013).

8

### 3. Applicable Law—Waiver and the Statute of Limitations

The statute of limitations for an offense is waivable. *United States v. Hennis*, 79 M.J. 370, 378 (C.A.A.F. 2020); R.C.M. 907(b)(2)(B).

Generally, an unconditional guilty plea operates to waive "all defects which are neither jurisdictional nor a deprivation of due process of law." *Day*, 83 M.J. at 56 (internal quotation marks omitted) (quoting *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009)). A statute of limitations defense is ordinarily not jurisdictional. *Musacchio v. United States*, 577 U.S. 237, 246 (2016). Thus, a guilty plea may waive a statute of limitations if "the record . . . disclose[s] that—by reason of advice from the military judge or otherwise—the accused was aware of his right to assert the statute of limitations and nonetheless chose to plead guilty." *United States v. Tunnell*, 23 M.J. 110, 111 (C.M.A. 1986); *see also* R.C.M. 907(b)(2)(B).

### 4. Discussion

SSG Askins acknowledges that he entered a guilty plea in regard to the larceny of explosives specification and did not raise the statute of limitations issue at trial. This normally would be sufficient to waive the statute of limitations issue. *Tunnell*, 23 M.J. at 111. SSG Askins argues, however, that he could not have waived the statute of limitations issue because he was unaware of it and the military judge did not specifically discuss it with him as he claims R.C.M. 907(b)(2)(B) requires. We disagree and conclude that SSG Askins waived the statute of limitations issue. As noted above, SSG Askins's trial defense counsel substantively addressed the statute of limitations issue—and its tolling—in a pretrial motion. This fact not only demonstrates that the military judge was not obligated under R.C.M. 907(b)(2)(B) to inform SSG Askins of the statute of limitations issue, but it also indicates that SSG Askins knowingly chose not to pursue this issue at trial.

Our conclusion is further supported by the fact that SSG Askins's pretrial agreement contained a waive all

waivable motions provision, and by the fact that SSG Askins had a strategic reason not to pursue a statute of limitations claim because, as the Government persuasively argues in its brief, he wanted to preclude a prosecution by the U.S. Department of Justice for any larceny of explosives charges that were time-barred under Article 43 of the UCMJ. We further note that SSG Askins chose not to pursue an ineffective assistance of counsel claim before the CCA, and if he had, the CCA likely would have ordered affidavits where SSG Askins would have had the opportunity to shed any contrary light on this and related topics—that is, if there was any such light to be shed.[4]

For these reasons, we conclude that SSG Askins waived the issue of whether the statute of limitations barred his prosecution for the specification charging him with larceny of C-4 explosives during the period of 2014-2017. *Cf. Musacchio*, 577 U.S. at 248 (noting under federal civilian law "a statute-of-limitations defense becomes part of a case only if the defendant puts the defense at issue"). Therefore, there is nothing left for this Court to resolve on the merits of this argument. *See United States v. Davis*, 79 M.J. 329, 332 (C.A.A.F. 2020) ("[W]e cannot review waived issues at all because a valid waiver leaves no error for us to correct on appeal." (internal quotation marks omitted) (quoting *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009))). And although the CCA resolved this issue against SSG Askins on other grounds (i.e., on the merits of whether the statute barred prosecution of the offense at issue), a

---

[4] For example, SSG Askins now claims that his trial defense counsel's reference to the CCA's *United States v. Rivaschivas,* 74 M.J. 758 (A. Ct. Crim. App. 2015), opinion in his motion to dismiss "indicated [Askins's] misguided understanding of case law, but it is not dispositive of [his] knowing waiver." But if SSG Askins believes his defense counsel were deficient for either failing to properly advise him on the state of the law and/or for failing to raise a statute of limitations time-bar challenge to the larceny specification at issue, we would expect him to pursue an ineffective assistance of counsel claim. *See United States v. Malone*, 86 M.J. 297, 303 (C.A.A.F. 2026).

"judgment below . . . may be affirmed on any ground permitted by the law and record." *United States v. Bess*, 80 M.J. 1, 11-12 (C.A.A.F. 2020) (alteration in original) (internal quotation marks omitted) (quoting *Murr v. Wisconsin*, 582 U.S. 383, 404 (2017)).

We therefore affirm that part of the CCA's decision affirming the guilty findings for larceny of C-4 explosives as charged in Specification 1 of Charge I.[5]

## II. The Applicable Domestic Violence Offenses

### A. Background

In addition to the larceny offense at issue here, the Government also charged SSG Askins with two specifications of domestic violence that now are the subject of this part of his appeal.[6] These two specifications covered violent conduct that SSG Askins committed against the same victim, at the same location, and on the same date. As such, the facts underlying these offenses raised the specter of multiplicity, and R.C.M. 907(b)(3)(B) explicitly states that multiplicity serves as a proper ground for dismissal of specifications.

The plea agreement SSG Askins reached with the Government provided that SSG Askins would plead *not* guilty to the two specifications of domestic violence at issue here. Although the agreement contained a waive all waivable motions provision, this clause did not explicitly cover the contested domestic violence specifications, and thus it did not explicitly preclude SSG Askins from filing motions regarding these offenses.[7] And yet, SSG Askins did not file a

---

[5] Because we resolve the statute of limitations issue on the basis of waiver, we consider moot the Government's motion to take judicial notice of certain facts to support its argument that the United States was "at war" throughout the period of 2014-2017.

[6] Specifically, Specification 1 of Charge V charged a violation of Article 128b(5) and Specification 2 of Charge V charged a violation of Article 128b(1).

[7] The parties dispute the applicability of the waive all waivable motions provision to the contested specifications of

motion to challenge the two domestic violence specifications on the ground of multiplicity. After a contested trial, the military judge found SSG Askins guilty of the two domestic violence specifications.

On appeal to the CCA, the lower court specified the multiplicity issue. The CCA summarized the incident that gave rise to the domestic violence specifications at issue as follows:

> In September 2021, [SSG Askins's] wife told [him] she wanted a separation, and a heated argument ensued. [SSG Askins] slammed her into a dog kennel and began to strangle her. Once [he] let go, she grabbed her belongings and stated she was going to [his] unit to report the assault. In response, and as she headed to the door with her keys, [SSG Askins] wrapped his hands around her neck again and slammed her head into a breaker box. [He] then placed her in a bear hug until she could not breathe. She went limp and dropped onto the floor. Ultimately, she gained the ability to leave the home and reported [SSG Askins's] assaults to his unit.
>
> [SSG Askins] was charged with strangling his wife around her neck with his hands in Specification 1 of Charge V. He was also charged with slamming her body into a dog kennel and banging her head against a breaker box in Specification 2 of Charge V.

*Askins*, 2025 CCA LEXIS 420, at *12, 2025 WL 2505763, at *5.

---

domestic violence. The Government argues that the provision applies, noting that a separate sentencing provision in the agreement clearly applies to the contested specifications, so the waive all waivable motions provision should also apply, at least with respect to appellate consideration of motions he did not raise at trial. SSG Askins responds that the provision simply did not cover the contested specifications because "[n]either the plea agreement nor any party at trial addressed the provision's application to the contested specifications." Because we resolve the multiplicity issue on forfeiture grounds, we find it unnecessary to resolve the parties' dispute.

In its decision, the CCA found "no evidence of affirmative waiver [of the multiplicity issue] as [SSG Askins] contested his guilt at trial." It then applied a forfeiture analysis. *Id.* at *11, 2025 WL 2505763, at *5. Upon doing so, the CCA concluded that the two domestic violence specifications were multiplicious, held that the military judge plainly erred by failing to unilaterally recognize that fact, merged the two specifications into a consolidated specification, and dismissed the remaining specification. *Id.* at *11-14, 2025 WL 2505763, at *5-6.

### B. Whether the Military Judge Committed Plain Error by Failing to Consolidate the Two Domestic Violence Specifications at Issue

#### 1. Standard of Review

Whether there was plain error in a case is a question of law, which this Court reviews de novo. *United States v. McMurrin*, 70 M.J. 15, 18 (C.A.A.F. 2011). "[W]hen there is a new rule of law, when the law was previously unsettled, and when the [trial court] reached a decision contrary to [a] subsequent rule . . . 'it is enough that an error be plain at the time of appellate consideration.'" *United States v. Oliver*, 76 M.J. 271, 274 (C.A.A.F. 2017) (alterations in original) (quoting *Henderson v. United States*, 568 U.S. 266, 279 (2013)). However, "[t]he absence of any controlling precedent strongly undermines [an] argument that the military judge committed plain or obvious error." *United States v. Bench*, 82 M.J. 388, 394 (C.A.A.F. 2022).

#### 2. Applicable Law

The Double Jeopardy Clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. And Article 44(a), UCMJ, 10 U.S.C. § 844(a) (2018), states: "No person may, without his consent, be tried a second time for the same offense." "These provisions of law have been construed, *inter alia*, to prohibit a person from being *twice punished at a single trial for the same offense*, contrary to the will of Congress." *United States v. Neblock*, 45 M.J. 191, 195 (C.A.A.F. 1996) (plurality opinion). As a result, "*two*

*convictions* or findings of guilty *for the same offense at a single trial* are double punishment and a violation of [double jeopardy], *again,* unless authorized by Congress." *Id.* Thus, a charge sheet is multiplicious (in violation of the Double Jeopardy Clause) if it charges a single offense in separate specifications. *See United States v. Forrester,* 76 M.J. 479, 484-85 (C.A.A.F. 2017).

"There are at least two species of multiplicity challenges . . . ." *United States v. Woerner,* 709 F.3d 527, 539 (5th Cir. 2013); *see also Neblock,* 45 M.J. at 200. The first type, which the Government points to, covers situations where an accused is charged with the same offense under different statutory provisions in different specifications. *See United States v. Teters,* 37 M.J. 370, 373 (C.M.A. 1993). In this situation, a court is required to determine whether Congress intended two statutory provisions to proscribe the same offense as follows: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304 (1932). "Under *Blockburger,* if two offenses have the same elements, those offenses are the 'same offence'" and barred by double jeopardy. *United States v. Rice,* 80 M.J. 36, 40 (C.A.A.F. 2020) (quoting *United States v. Dixon,* 509 U.S. 688, 696 (1993)). "Courts determine whether two offenses are the same through a strict facial comparison of the elements." *Id.* (citation modified).

The second type of multiplicity, which SSG Askins points to, involves situations where the "charges for multiple violations of the same statute are predicated on arguably the same criminal conduct." *Forrester,* 76 M.J. at 485 (citation modified). In analyzing these types of multiplicity claims, courts "must first determine the allowable unit of prosecution, . . . which is the actus reus of the defendant." *Id.* (citation modified). "Unless a statutory intent to permit multiple punishments is stated clearly and without ambiguity, doubt will be resolved against turning a single

14

transaction into multiple offenses." *Id.* at 485-86 (citation modified). "However, if [the offense] under the circumstances is a distinct or discrete-act offense, separate convictions are allowed in accordance with the number of discrete acts." *Id.* at 486 (citation omitted) (internal quotation marks omitted).

As this Court's predecessor explained in *United States v. Morris*, "[w]hen Congress enacted Article 128, [UCMJ, 10 U.S.C. § 928,] it did not intend that, in a single altercation between two people, each blow might be separately charged as an assault." 18 M.J. 450, 450 (C.M.A. 1984) (per curiam). Rather, in assault cases, the unit of prosecution is the altercation itself if it is "a single, uninterrupted scuffle." *Id.* at 450-51.

### 3. Discussion

Because SSG Askins did not preserve a multiplicity claim at trial, he does not get the benefit of de novo review of this issue by our Court. Moreover, we need not decide whether SSG Askins affirmatively waived this issue because, as discussed below, even assuming SSG Askins merely forfeited this issue, any error the military judge may have committed by failing to sua sponte consolidate the two domestic violence specifications was not clear or obvious. *See Clifton*, 71 M.J. at 491; *see also Jones*, 78 M.J. at 44.

SSG Askins invokes a variety of arguments in an attempt to meet his burden of establishing that the military judge committed plain error here. For example, he argues that "[m]ultiple violations of Article 128b—united in time, circumstance, and impulse—are multiplicious." He also highlights that "[t]his court's jurisprudence has long required a continuous course of conduct charging scheme under Article 128." Relatedly, he reasons that because it is presumed Congress was aware of how this Court has treated the issue of multiplicity in the context of Article 128 assault offenses, and because Congress did not provide an "overt expression" that it intended for Article 128*b* assault offenses to be treated differently by charging each act

15

discretely, then the CCA "correctly applied the same multiplicity analysis [for this Article 128b offense] as it would for [an] Article 128 offense[]."

The Government, however, counters with a series of its own arguments. First, it contends that the *Blockburger* test applies to the two domestic violence specifications at issue because the offense charged under Article 128b(1) has different elements than the offense charged under Article 128b(5). Second, it argues that the *Blockburger* test applies because Article 128 and Article 128b are "different statutes" and it asserts that when Congress enacted Article 128b "this was an overt expression of Congressional intent to separate these offenses from an article criminalizing a mere bar fight." Third, the Government argues in the alternative that Article 128(b)(5), under which SSG Askins was convicted for strangling his wife, is a discrete-act offense, and that his slamming and strangling of his wife were not " 'blows in an altercation' as in" *United States v. Rushing*, 11 M.J. 95 (C.M.A. 1981).

This Court has not yet addressed—in the context of a case where the issue has been properly preserved at trial—the substantive question of what constitutes multiplicity vis-à-vis domestic violence offenses charged under Article 128b. *See United States v. Ford*, __ M.J. __ (9) (C.A.A.F. 2026) ("[T]he law is indeed unsettled about what the unit of prosecution is under Article 128b . . . ."). Therefore, due to the plain error review posture of this case, we conclude that it is unnecessary for this Court to resolve the parties' competing arguments as to whether the two domestic violence specifications at issue are multiplicious. Rather, we rely on the following principle set forth in *Bench*: "The absence of any controlling precedent strongly undermines [an] argument that the military judge committed plain or obvious error . . . ." 82 M.J. at 394. Simply stated then, any error committed by the military judge by failing to sua sponte consolidate the two domestic violence specifications on the basis of multiplicity cannot be deemed "clear or obvious." Therefore, SSG Askins fails to overcome the "difficult hurdle" of plain error review. *United States v.*

*Hardy*, 77 M.J. 438, 446 n.3 (C.A.A.F. 2018) (Ohlson, J., dissenting).

### III. Conclusion

With regard to the specified issue pertaining to Specification 1 of Charge I (larceny of C-4 explosives), we hold SSG Askins waived the statute of limitations issue. We therefore decline to answer the granted issue.

We assume that the multiplicity issue with regard to Specifications 1 and 2 of Charge V (domestic violence) is forfeited rather than waived. However, we conclude that SSG Askins has not met his burden to establish plain error on his multiplicity claim with regard to these offenses. Therefore, we answer the certified issue in the affirmative.

That part of the United States Army Court of Criminal Appeals decision that found multiplicity with regard to Specifications 1 and 2 of Charge V and applied corrective action is reversed. The findings of guilty for Specifications 1 and 2 of Charge V are reinstated, and the findings, as reflected in the entry of judgment, are affirmed. The lower court is also reversed as to the sentence. The case is returned to the Judge Advocate General of the Army for remand to the United States Army Court of Criminal Appeals to complete its review under Article 66, UCMJ, 10 U.S.C. § 866 (2024), consistent with this opinion.